## CIRCUIT COURT OF FAIRFAX COUNTY

Ted R. Mixon

v.

Diana M. L. Turonis

August 4, 2000

Case Nos. (Chancery) 157048 and 158324

BY JUDGE HENRY E. HUDSON

Consolidated by prior order, these cases were tried by the court on July 24, 2000. Each Bill of Complaint contained three counts, breach of contract, breach of fiduciary duty, and accounting. In essence, the Complainant contends that his former wife, the Defendant, improperly spent money placed in accounts by him under the Virginia Uniform Gift to Minors Act, to defray their children's educational expenses. By agreement, the Defendant controlled these accounts and assumed the responsibility of paying these expenses. In this action, the Complainant seeks a full accounting of these funds and requests restitution for money misspent by the defendant. The children, for whom the accounts were established, have attained their majority and have declined to participate in this lawsuit.

At the close of the Complainant's case, the Court granted the Defendant's motion to strike the breach of fiduciary duty count. After hearing all of the evidence, the Court dismissed all remaining counts, except one element of the breach of contract claim in Chancery No. 158324. The latter claim involved unreimbursed tuition expenses incurred by the parties' daughter. Both parties now seek legal fees, the Complainant under the terms of the property settlement agreement, the Defendant pursuant to § 8.01-271.1, Code of Virginia, 1950, as amended.

Since the Complainant prevailed on a portion of his breach of contract claim, he is entitled under the property settlement agreement to some

attorney's fees, albeit limited. His recovery represents only a fraction of his overall claim. The Court will award the Complainant $2,000.00 in attorney's fees.

Turning to the Defendant's motion for attorney's fees, the Court is unable to conclude that the Complainant's request for a statutory accounting was pursued in bad faith. Despite this Court's view that the Complainant lacks standing to request such an accounting under § 31-55, Code of Virginia, 1950, as amended, another judge of this court opined to the contrary. Consequently, no fees will be awarded on these counts, even though a substantial amount of counsel's time was devoted to this issue.

On the other hand, the breach of fiduciary duty counts clearly lack legal moorings. The custodian of an account established under the Uniform Gift to Minors Act owes no fiduciary duty to a contributor. From a review of the defendant's attorney's billing statements, however, it does not appear that a significant amount of time was devoted to this issue. The Court will award attorney's fees of $1,500.00, collectively, on these counts.

The closer issue is the breach of contract counts. The Complainant was successful on one element of this claim in Chancery No. 158324. With respect to his claim for educational expenses for his son in Chancery No. 157048, the evidence fell short of the good faith mark. The Complainant was unable to identify any "educational" expenses beyond pure entertainment. This deficiency should have been apparent at an earlier stage of the proceedings. The Court believes this count in Chancery No. 157048 lacked sufficient legal and factual foundation and warrants some reimbursement for legal expenses. On this count, the Court awards attorney's fees of $4,500.00.

The fees awarded above shall be paid to the designated parties within 90 days of the date of entry of this order.